Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000807
17-MAY-2018
09:13 AM

NO. CAAP-16-0000807

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HAWAIIUSA FEDERAL CREDIT UNION, Plaintiff-Appellee,
v. JONNAVEN JO MONALIM; MISTY MARIE MONALIM,
Defendants-Appellants,

and

ASSOCIATION OF APARTMENT OWNERS OF BEACH
VILLAS AT KO OLINA, by its Board of Directors;
KO OLINA COMMUNITY ASSOCIATION, INC., a Hawaii
nonprofit corporation; Defendant-Appellees,

and

JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS
1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1388)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Fujise and Chan, JJ.)

Defendants-Appellants Jonnaven Jo Monalim and Misty Marie Monalim (collectively, the **Monalims**) contest the following entered by the Circuit Court of the First Circuit[1] (**circuit court**) on October 13, 2016:

(1) the "Order Granting in Part and Denying in Part Plaintiff HawaiiUSA Federal Credit Union's Motion for Deficiency

---

[1] The Honorable Bert I. Ayabe presided.

Judgment Against [the Monalims] Filed January 12, 2016" (**10/13/16 Order Granting Deficiency Amount**); and

(2) "Deficiency Judgment Against [the Monalims] in Favor of Plaintiff[-Appellee] HawaiiUSA Federal Credit Union [(**HawaiiUSA**)]" (**10/13/16 Deficiency Judgment**).

On appeal, the Monalims contend[2] that (1) HawaiiUSA was guilty of laches; (2) the circuit court erred in its refusal to conduct an evidentiary hearing regarding HawaiiUSA's delay in seeking a deficiency judgment; and (3) the circuit court erred by denying the Monalims procedural and substantive due process rights under the Hawai'i State Constitution and the United States Constitution by depriving them of property without an evidentiary hearing to determine the fair value of the property at the time of the confirmation sale.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Monalims' points of error as follows and affirm as set forth below.

This dispute arises from a judicial foreclosure in which the Monalims appeal from the 10/13/16 Deficiency Judgment.

On January 12, 2016, after the circuit court entered a foreclosure judgment in its favor and approximately four years after confirmation of the sale of the Property, HawaiiUSA filed its "Motion for Deficiency Judgment Against [the Monalims]"

---

[2] The Monalims also argue in their points of error section that: the 10/13/16 Deficiency Judgment "was contrary to the law of the case" and HawaiiUSA's delay in seeking a deficiency judgment "irreparably prejudiced" the Monalims because they relied on HawaiiUSA's waiver. However, contentions not argued on appeal are deemed waived. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7); In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (noting that an appellate court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks, brackets omitted, and citation omitted).

**(1/12/16 Deficiency Motion).** On February 16, 2016, the Monalims filed their opposition to the 1/12/16 Deficiency Motion arguing that HawaiiUSA's Deficiency Motion was untimely and in violation of due process of law, and, that an evidentiary hearing should be held to determine the fair market value of the subject property. The circuit court subsequently entered the 10/13/16 Order Granting Deficiency Amount and the 10/13/16 Deficiency Judgment in favor of HawaiiUSA and against the Monalims in the amount of $493,282.04.

### (1) Laches

The Monalims contend that HawaiiUSA was guilty of laches because the 1/12/16 Deficiency Motion was not filed at the time of the confirmation of sale in December 2011. Instead, HawaiiUSA filed the 1/12/16 Deficiency Motion in 2016, approximately four years later. The Monalims cite to BayBank Connecticut, N.A. v. Thumlert, 222 Conn. 784, 610 A.2d 658 (1992) to argue that HawaiiUSA's delay in filing a deficiency motion prejudiced the Monalims and thus the defense of laches is applicable. Aside from a cursory mention of Thumlert, the Monalims provide no authority to support their contention.

The Monalims do not point to a statutory time limit for the filing of a deficiency judgment. Moreover, the Monalims had notice of the possibility of a deficiency judgment at the summary judgment stage and following the confirmation of the sale of the property. On August 29, 2011, the circuit court entered its "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale" **(8/29/11 FOF/COL/Order)** which stated:

> 11. At the hearing for confirmation of sale, if it appears that proceeds of the sale of the Mortgage Property are insufficient to pay all amounts due and owing to Plaintiff, Plaintiff may request a deficiency judgment in its favor and against [the Monalims], jointly and severally, for the amount of the deficiency which shall be determined at the time of confirmation and have immediate execution thereafter.

3

On November 9, 2011, HawaiiUSA filed its "Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal of Personal Property" (**11/9/11 Confirmation Motion**) where it moved for the circuit court to enter an order in favor of HawaiiUSA and "against [the Monalims], jointly and severally, for the amount of any deficiency, if the proceeds from the sale of the Mortgaged Property are insufficient to fully satisfy the amounts due to [HawaiiUSA]." At the hearing on the 11/9/11 Confirmation Motion, the circuit court granted HawaiiUSA's motion but the minutes provide that the Monalims' counsel objected and the circuit court ordered a further hearing on the deficiency judgment.[3] Thus, it appears that upon the Monalims' objection, a deficiency judgment amount was not determined during the hearing. The Monalims argue that because the 8/29/11 FOF/COL/Order stated that the deficiency amount "shall be determined at the time of confirmation" and it was not determined at that time, such inaction "should be enough in itself to mandate reversal[.]" However, we hold that because the Monalims objected and sought a further hearing on the deficiency judgment, this argument is without merit.

On December 11, 2011, the circuit court entered its "Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal of Personal Property Filed November 9, 2011" (**12/22/11 Confirmation Order**) and ordered that "since the proceeds from the sale of the Mortgaged Property are insufficient to fully satisfy the amounts due to [HawaiiUSA], that a motion for deficiency judgment may subsequently be filed by [HawaiiUSA] against [the Monalims], jointly and severally."

---

[3] On December 1, 2011, the circuit court held a hearing on the motion for confirmation of sale. The record does not contain a transcript of the hearing. However, the minutes provide that the circuit court granted the 11/9/11 Confirmation Motion, however "[w]ith objection made by Mr. Dubin, Court ordered further hearing on deficiency judgment."

4

The 1/12/16 Deficiency Motion included a calculation of the deficiency amount due and owing after the sale proceeds were applied. Thus, at both the summary judgment stage and following the 12/22/11 Confirmation Order, the Monalims were on notice as to the possibility of a deficiency judgment being filed. The Monalims also were aware of the 12/22/11 Confirmation Order and the likely deficiency that would remain following the sale of the property. The Monalims fail to provide a discernable argument as to laches and they were on notice of the deficiency amount such that their contentions related to prejudice are without merit.

### (2) Evidentiary hearing on prejudice

The Monalims contend that the circuit court should have held an evidentiary hearing on prejudice because the Monalims could have filed for bankruptcy and "in effect suffered no deficiency judgment at all" but for HawaiiUSA's delay in seeking a deficiency judgment. The Monalims also maintain that they sought an evidentiary hearing before the circuit court and the circuit court denied such a hearing.

With regard to the contention that a hearing on prejudice should have been held, the Monalims argue that the circuit court refused their request for such a hearing. However, the record shows that the Monalims did not request a hearing on prejudice in their opposition to HawaiiUSA's 1/12/16 Deficiency Motion or file any motions seeking such a hearing. Accordingly, the circuit court did not deny such a motion or request for a hearing.

Further, the circuit court did address potential prejudice to the Monalims. In its 1/12/16 Deficiency Motion, HawaiiUSA sought interest on the deficiency balance from December 30, 2011, to the date of the entry of the deficiency judgment. However in its 10/13/16 Order Granting Deficiency Amount, the circuit court <u>denied</u> HawaiiUSA's "request for <u>continuing interest on Counts I and Count II, from December 30, 2011 closing date to the entry of the Deficiency Judgment</u> as well as [Hawaii USA]

Plaintiff's request for <u>statutory interest</u> after the entry of the Deficiency Judgment <u>due to the delay in filing the instant Motion.</u>" (Emphasis added). Thus, the circuit court did not permit HawaiiUSA to benefit from its delay in filing the 1/12/16 Deficiency Motion and thereby prejudice the Monalims.

Moreover, following the 12/22/11 Confirmation Order, the Monalims did not seek a dismissal under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 41(b)(1) or the Rules of the Circuit Courts of the State of Hawai'i. The record shows that between the circuit court's 12/22/11 Confirmation Order and HawaiiUSA's 1/12/16 Deficiency Judgment, the Monalims did not file any motions to bring closure to the proceeding.

### (3) Evidentiary hearing on amount owed

The Monalims assert that the process in Hawai'i for determining deficiency judgments violates their due process rights and in calculating the deficiency judgment, an evidentiary hearing should have been held to determine the fair market value of the foreclosed property.

In response, HawaiiUSA notes that foreclosures in this jurisdiction are bifurcated into two separate appealable parts and that the Monalims have previously filed an appeal in this case. The Monalims previously appealed and challenged the circuit court's 8/29/11 FOF/COL/Order and the related Judgment (**8/29/11 Foreclosure Judgment**) both filed on August 29, 2011, which resulted in appellate court case number CAAP-11-0000710 (**First Appeal**). <u>HawaiiUSA Fed. Credit Union v. Monalim</u>, No. CAAP-11-0000710, 2012 WL 4122914, at *1 (Haw. App. Sept. 19, 2012). The Monalims' First Appeal was dismissed pursuant to HRAP Rule 30 for their failure to file an opening brief or seek relief from the default of the opening brief. The Monalims also indicated that they were in the "process of circulating a stipulation for dismissal of this Appeal," however, no stipulation was filed. <u>Id.</u> Thus, while the Monalims had the

opportunity, they failed to raise any point of error relating to the Monalims' liability for a deficiency judgment or how a deficiency judgment would be calculated.

As noted above, the 8/29/11 FOF/COL/Order ordered that HawaiiUSA may request a deficiency judgment as follows:

> 11. At the hearing for confirmation of sale, <u>if it appears that proceeds of the sale of the Mortgaged Property are insufficient to pay all amounts due and owing to [HawaiiUSA]</u>, [HawaiiUSA] may request a deficiency judgment in its favor and against [the Monalims], jointly and severally, <u>for the amount of the deficiency</u> which shall be determined at the time of confirmation and have immediate execution thereafter.

(Emphasis added).

In <u>Mortg. Elec. Registration Sys., Inc. v. Wise</u>, the Hawai'i Supreme Court exercised appellate jurisdiction but held in a judicial foreclosure action that challenges to a foreclosure judgment were barred by *res judicata* where the defendants failed to appeal from the initial foreclosure judgment. 130 Hawai'i 11, 304 P.3d 1192 (2013).

In this case, similar to <u>Wise</u>, we exercise appellate jurisdiction but hold that the Monalims are precluded from challenging the method of calculating their deficiency judgment. The Monalims' right to a deficiency judgment and the method for calculating the deficiency judgment were adjudicated and set forth in the 8/29/11 FOF/COL/Order, and incorporated into the related 8/29/11 Foreclosure Judgment. Although the Monalims timely appealed from the subsequent 10/13/16 Deficiency Judgment, they are only entitled to challenge the errors unique to that 10/13/16 Deficiency Judgment. See <u>id.</u> at 16, 304 P.3d at 1197; <u>Ke Kailani Partners, LLC v. Ke Kailani Dev. LLC</u>, Nos. CAAP-12-0000758 and CAAP-12-0000070, 2016 WL 2941054, at *7 (Haw. App. Apr. 29, 2016) (Mem. Op.), <u>cert. denied</u>, 2016 WL 4651424, at *1 (Haw. Sept. 6, 2016) (holding, *inter alia*, that appellants had waived their challenge to the method used to determine a deficiency judgment by dismissing a prior appeal from a foreclosure order that had set forth the entitlement to a

deficiency judgment and the method for determining the amount); see also LCP-Maui, LLC v. Tucker, No. CAAP-15-0000109, 2018 WL 1082855, at *1-2 (Haw. App. Feb. 28, 2018) (SDO) (holding that appellant was precluded from challenging the method of calculating her deficiency judgment because she previously appealed the foreclosure judgment).

Thus, the Monalims' arguments on appeal related to the issue of a delayed 1/12/16 Deficiency Motion are without merit. With respect to the arguments on appeal related to the method by which the deficiency would be calculated, the 10/13/16 Deficiency Judgment in this appeal did not adjudicate the method, but rather was incident to the enforcement of the earlier 8/29/11 Foreclosure Judgment. See Wise, 130 Hawai'i at 16, 304 P.3d at 1197. Accordingly, the Monalims are precluded from challenging the method of calculating their deficiency judgment and their remaining arguments on appeal are without merit.

Therefore,

IT IS HEREBY ORDERED that the "Deficiency Judgment Against Defendants Jonnaven Jo Monalim and Misty Marie Monalim in Favor of Plaintiff HawaiiUSA Federal Credit Union," entered on October 13, 2016, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 17, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants.

Jonathan W.Y. Lai,
Thomas J. Berger,
Tracey L. Ohta,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

8